COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:       Adrian Gomez v. The State of Texas

Appellate case number:    01-15-00383-CR

Trial court case number:   1405348

Trial court:              180th District Court of Harris County

On April 2, 2015, after appellant, Adrian Gomez, was convicted following a jury trial of the capital-felony offense of capital murder, for which the State did not seek the death penalty, the trial court assessed his punishment at life imprisonment without parole. *See* TEX. PENAL CODE ANN. §§ 12.31(a)(2), 19.03(a)(2), (b) (West Supp. 2015). On April 2, 2015, appellant, through counsel, timely filed a notice of appeal from the judgment of conviction by jury. *See* TEX. R. APP. P. 26.2(a)(1). The trial court certified appellant's right of appeal because this was not a plea-bargain case, and appointed Juan Terrence A. Gaiser as appellate counsel. *See id.* 25.2(a)(2).

On October 20, 2015, this Court granted appellant's counsel's second motion for extension of time to file appellant's brief, which he attempted to timely file on October 30, 2015. On October 30, 2015, the Clerk of this Court notified appellant's counsel that appellant's brief was rejected because it was not PDF searchable as required by the rules, and requested re-filing of the brief by November 3, 2015. *See* TEX. R. APP. P. 9.4(j).

Because appellant did not timely file an amended brief by November 3, 2015, the Clerk of this Court sent a late-brief notice on December 30, 2015, notifying appellant's appointed counsel that this case would be abated for a hearing pursuant to Texas Rule of Appellate Procedure 38.8(b)(2), if his amended brief was not filed within 10 days of that notice. Nevertheless, appellant's counsel, Terrence A. Gaiser, has not timely filed an amended brief or extension request for appellant.

We therefore sua sponte **abate** this appeal and **remand** for the trial court to immediately conduct a hearing at which a representative of the Harris County District

Attorney's Office and appellant's counsel, Terrence A. Gaiser, shall be present. TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court shall have a court reporter record the hearing. The trial court is directed to:

(1) make a finding on whether appellant wishes to prosecute this appeal;

(2) if appellant does wish to prosecute this appeal, determine whether counsel Terrence A. Gaiser has abandoned this appeal;

(3) if counsel Terrence A. Gaiser has not abandoned this appeal:
   a. inquire of counsel the reasons, if any, that he has failed to file an amended brief on appellant's behalf; and
   b. set a date certain when appellant's amended brief will be due, regardless of whether this Court has yet reinstated this appeal and no later than 30 days from the date of the hearing;

(4) if Terrence A. Gaiser has abandoned this appeal, enter a written order relieving Terrence A. Gaiser of his duties as appellant's counsel, including in the order the basis for the finding of abandonment, determine whether appellant is indigent, and:
   a. if appellant is indigent, appoint substitute appellate counsel at no expense to appellant;
   b. if appellant is not indigent, admonish appellant of the dangers and disadvantages of self-representation, and:
      i. determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel and set a date certain when appellant's briefs are due, regardless of whether this Court has yet reinstated these appeals and no later than 30 days from the date of the hearing; or,
      ii. if appellant does not wish to proceed *pro se*, provide a deadline by which appellant must hire a new appellate attorney;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (d)(1), (f) (West Supp. 2015); TEX. R. APP. P. 38.8(b); *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003) (stating that presumption in favor of right to choice of counsel may be overridden by other factors relating to fair and orderly administration of justice); *cf*. TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (requiring trial court to advise defendant of dangers and disadvantages of self-representation prior to proceeding to trial), 26.04(j)(2) (authorizing trial court to order appointed counsel to withdraw after finding of good cause is entered on record).

The court coordinator of the trial court shall set a hearing date no later than **30 days from the date of this order** and notify the parties and the Clerk of this Court of such date. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court **within 30 days of the date of the hearing**. The court reporter is directed to file the reporter's record of the hearing **within 30 days of the date of the hearing**. If the hearing is conducted by video teleconference and electronically recorded, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this hearing.

If Terrence A. Gaiser files an extension motion and amended brief on appellant's behalf in this Court and a copy of such brief in the trial court, which brief complies with Texas Rules of Appellate Procedure 9.4(j) and 38.1, **no later than 10 days from the date of this Order**, together with a motion requesting that we withdraw this Order of Abatement, we may reconsider and withdraw this Order and reinstate the appeal.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the supplemental reporter's record, if any, that comply with this Order, are filed in this Court.

It is so **ORDERED**.


Judge's signature: /s/ Laura C. Higley
                     ☑ Acting individually     ☐ Acting for the Court

Date: January 21, 2016

3